FILED
3/20/2015 4:29:59 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Jackson

2 CITS PPS/SAC 2
W/JD

CAUSE NO. 2015CI04787

| | | |
|---|---|---|
| JACQUELINE ONOFRE,<br>INDIVIDUALLY AND AS NEXT FRIEND<br>OF LUKE ONOFRE AND<br>HANNAH ONOFRE, MINORS<br>*Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 57 TH JUDICIAL DISTRICT |
| C.R. ENGLAND, INC.,<br>PAUL JOHNSON<br>*Defendants* | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION, RULE 193.7 NOTICE AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Jacqueline Onofre, Individually and As Next Friend of Luke Onofre and Hannah Onofre, minors, ("Plaintiffs") and complains of C.R. England, Inc. and Paul Johnson ("Defendants"), and for cause of action would respectfully unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2. Plaintiffs are individuals residing in Bexar County, Texas.

3. Defendant C.R. England, Inc. ("C.R. England") is a Utah corporation formed and existing under the laws of the State of Utah and may be served with process by serving its registered agent for service, Douglas Fletcher, at 8750 N. Central Expressway, 16th Floor, Dallas, Texas 75231.



EXHIBIT A

4. Defendant Paul Johnson ("Johnson") is an individual residing in South Bend, Indiana and may be served with process at his residence located at 3447 S. Locust, South Bend, Indiana 46614.

## III.
## JURISDICTION & VENUE

5. Venue is proper in Bexar County, Texas pursuant to § 15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Bexar County, Texas.

6. This Court has jurisdiction over the parties named herein because Defendants are residents and citizens of the State of Texas and/or routinely and regularly conduct business in this State. Plaintiffs further plead, to the extent necessary, that jurisdiction over any Defendant not found to be a resident and citizen of the State of Texas is still proper pursuant to the forum defendant rule, 28 U.S.C. § 1441(b).

7. This Court has jurisdiction over these claims because the amount in controversy is within the jurisdictional limits of the Court.

## IV.
## FACTS

8. On August 26, 2014, Plaintiffs were traveling in their 2012 Jeep Liberty on Interstate Highway 35 in Bexar County, Texas, when suddenly and without warning, Plaintiffs' vehicle was struck by a commercial trailer being towed by Defendant Johnson. At all times relevant, Defendant Johnson was operating the commercial vehicle while in the course and scope of employment with Defendant C.R. England and with the permission and/or consent of Defendant C.R. England. At all times relevant, the trailer being towed and the vehicle driven by Defendant

ONOFRE V. C.R. ENGLAND, INC.
Plaintiffs' Original Petition

PAGE 2 OF 9

Johnson was owned and operated by Defendant C.R. England. As a result of this collision, Plaintiffs sustained severe and permanent injuries to their bodies, as more fully set forth below.

## V.
## CAUSES OF ACTION

9. The collision that made the basis of this suit and the resulting injuries and damages to the Plaintiffs were proximately and directly caused by the negligent conduct of the Defendants.

10. Defendant Johnson operated the commercial vehicle in a negligent manner because he violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of the commercial vehicle in one or more of the following respects:

   a. in driving his vehicle at a rate of speed greater than that which an ordinary person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.351;

   b. In failing to timely apply the brakes in an effort to avoid the collision in question;

   c. in failing to drive defensively to avoid the collision;

   d. in failing to make safe decisions while driving;

   e. in failing to blow his horn to warn of imminent collision;

   f. in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiffs, in violation of Texas Transportation Code § 545.401.

11. Defendant Johnson's actions also constitute *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

12. Defendant C.R. England is liable under the doctrine of *respondeat superior* in that Defendant Johnson was operating the commercial vehicle while in the course and scope of

employment with Defendant C.R. England and/or with the permission and/or consent of Defendant C.R. England.

13. Additionally, Defendant C.R. England was negligent in one or more of the following respects:

    a. negligent hiring of Defendant Johnson;

    b. negligent entrustment of the vehicle to Defendant Johnson;

    c. negligence in failing to ensure driver qualifications;

    d. negligent training and supervision of Defendant Johnson;

    e. negligent retention of Defendant Johnson.

14. Plaintiffs would further show that the Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiffs as well as others similarly situated.

15. The acts and/or omissions on the part of the Defendants constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

16. The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence and malice and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiffs.

## VI.
## DAMAGES

17. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Luke Onofre suffered severe and permanent bodily injuries to his head, neck, back, and other parts of his body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused his physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause his to suffer consequences and ill effects of this deterioration throughout his body in the future, if not for the balance of his natural life. The Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of his natural life.

18. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Hannah Onofre suffered severe and permanent bodily injuries to her head, neck, back, and other parts of her body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused her physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout her body in the future, if not for the balance of her natural life. The Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in

reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

19. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs Luke Onofre and Hannah Onofre were caused to incur the following damages:

   a. Reasonable medical care and expenses in the past;

   b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

   e. Physical impairment and disability in the past;

   f. Physical impairment and disability, which will, in all reasonable probability be suffered in the future;

   g. Mental anguish in the past;

   h. Mental anguish which will, in all reasonable probability, be suffered in the future;

   i. Physical disfigurement in the past, and which will, in all reasonable probability, be suffered in the future.

20. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Jacqueline Onofre suffered severe and permanent bodily injuries to her head, neck, back, and other parts of her body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused her physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout her body in the future, if not for the balance of her natural life.

## VIII.
## DEMAND FOR JURY TRIAL

24. Plaintiffs demand a trial by jury. Plaintiffs acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

25. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, the Defendants are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of Rule 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

26. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## PRAYER

Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon final hearing of this cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for actual compensatory damages and exemplary damages, in an amount within the jurisdictional limits of this Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully Submitted,

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361)-985-0600
Fax: (361)-985-0601

By: _____
Thomas J. Henry
SBN: 09484210
Robert P. Wilson
SBN: 21718575
rwilson@thomasjhenrylaw.com

ATTORNEYS FOR PLAINTIFFS

*service by email to this address only